UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED METHODIST UNION
OF GREATER DETROIT, et al.,

        Plaintiffs,              CIVIL ACTION NO. 16-cv-10336

       v.                         DISTRICT JUDGE MATTHEW F. LEITMAN

HIGHLAND PARK, CITY OF,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs United Methodist Union of Greater Detroit, Jerry R. Massey, Kennon Harrington, Power House Temple, and Roderick Edwards[1] commenced this action against Defendants City of Highland Park, Mortgage Electronic Registration Systems, Inc. (MERS), and Wayne County Treasurer on February 1, 2016. (Docket no. 1.) In the Complaint, Plaintiffs challenge tax foreclosure proceedings related to real property located at 16241 Joslyn Avenue in Highland Park, Michigan. (*See id.*) Before the Court are Defendant Wayne County Treasurer's Motion to Dismiss or in the Alternative Strike Plaintiffs' Complaint (docket no. 11), Defendant City of Highland Park's Motion to Dismiss (docket no. 12), and Defendant MERS's Motion to Dismiss (docket no. 18). Defendant MERS also filed a Supplemental Brief in support of its Motion to Dismiss. (Docket no. 20.) Plaintiffs have not responded to Defendants' Motions, and

---

[1] There is some uncertainty regarding the named Plaintiffs in this matter. In the Complaint's case caption, only Plaintiffs United Methodist Union of Greater Detroit, Massey, and Harrington are listed as plaintiffs; in a section of the Complaint beneath the case caption, only Plaintiffs Power House Temple, Massey, and Edwards are named as plaintiffs; and in the text of the Complaint, only Plaintiffs United Methodist Union of Greater Detroit, Massey, and Edwards are named as plaintiffs. Moreover, Plaintiff Jerry R. Massey, proceeding *in pro per*, is the only plaintiff to have appeared and signed the Complaint in this matter, and there is no indication that Plaintiff Massey is authorized to act on behalf of the other plaintiffs. The undersigned will address this issue herein.

the time for response has passed. This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 6.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.     RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiffs United Methodist Union of Greater Detroit, Kennon Harrington, Power House Temple, and Roderick Edwards be dismissed from this action; Defendants' Motions to Dismiss (docket nos. 11, 12, and 18) be **GRANTED**; and this matter be dismissed in its entirety.

## II.    REPORT

### A.    Background

The facts of this matter as presented in the Complaint are disjointed, but they have been clarified somewhat through the Defendants' briefs. (*See* docket no. 1 at 3, docket no. 11 at 13; docket no. 12 at 10-11; docket no. 18 at 10.) In the years 2007, 2008, 2010, and 2011, Defendant City of Highland Park allegedly levied special assessment taxes against property located at 16241 Joslyn Avenue in Highland Park, Michigan, an unused former church. According to the Complaint, Plaintiff Edwards obtained "fee simple absolute possession" of the property on October 29, 2012. (Docket no. 1 ¶ 10.) On June 13, 2014, Defendant Wayne County Treasurer filed a Petition of Foreclosure against the subject property because the aforementioned taxes had not been paid. (Docket no. 11 at 13.) An Uncontested Judgment of Foreclosure was issued by the Wayne County Circuit Court on March 20, 2015, and Defendant Wayne County Treasurer subsequently sold the subject property at a public auction on October 16, 2015. (Docket nos. 11-1 and 11-2.)

According to Defendant City of Highland Park, on November 10, 2015, Plaintiffs filed a complaint in the 30th District Court for the City of Highland Park seeking quiet title of the subject property in their favor, as well as a judgment in the amount of $10,000 for negligence. (Docket no. 12 at 21.) Defendant City of Highland Park then moved for summary disposition of the complaint, arguing, among other things, lack of standing and lack of personal and subject-matter jurisdiction. (*Id*. at 21-22.) Defendant Wayne County Treasurer concurred in the motion for summary disposition, and the 30th District Court granted the motion on January 19, 2016. (Docket no. 11 at 13; docket no. 11-3.)

Plaintiffs then filed the instant Complaint in this court on February 1, 2016, pursuant to "2 USC 1331; 28 USC 1332 (a) and 2 USC 1357 (b) (2); 1 USC 1961-1968 RESPA section 9: truth in lending, and negligence." (Docket no. 1 ¶ 7.) Count I of the Complaint is titled "Negligence," under which Plaintiffs allege that the special assessment taxes levied against the subject property by Defendant City of Highland Park were unconstitutional. (*Id*. ¶ 11.) Plaintiffs also allege that in foreclosing on the property, Defendants City of Highland Park and Wayne County Treasurer failed to comply with the notice requirements set forth in Michigan's Land Bank Fast Track Act, Mich. Comp. Laws § 124.759, subsections (1), (6), and (7). (*Id*. ¶¶ 13-21.) According to Plaintiffs, Defendants City of Highland Park and Wayne County Treasurer did not exercise due diligence, and the auction sale was unlawfully held, resulting in an encumbered and clouded chain of title. (*Id*. ¶ 23.) In what appears to be Count II of the Complaint, titled "Violation of RESPA," Plaintiffs allege that Defendant MERS is a company that records foreclosed property. (*Id*. ¶ 25.) Plaintiffs seemingly further allege that the conveyance of the subject property by Defendant Wayne County Treasurer and the recording of the conveyance by Defendant MERS "was defective and lacking in legal sufficiency," which

rendered the deed and the chain of title null and void. (*Id*. ¶ 26-29.) As relief, Plaintiffs request that the court find Defendants liable for "2 USC 1357 (b) (2); 1 USC 1961-1968 RESPA section 9: truth in lending, and Negligence Per Se," and award Plaintiffs $300,000.00. (*Id*. at 6.) Plaintiffs also request that the court quiet title to the property in their favor. (*Id*.)

### B. Governing Law

Defendants Wayne County Treasurer and MERS move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket nos. 11 and 18.) A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,


556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

Defendant City of Highland Park moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(c). (Docket no. 12.) Rule 12(c) states that a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. "Motions seeking judgment on the pleadings, brought pursuant to Federal Rule of Civil Procedure 12(c), are reviewed under the same standard applied to motions to dismiss brought pursuant to Rule 12(b)(6)." *Estate of Malloy v. PNC Bank*, No. 11–12922, 2012 WL 1094344, at *4 (E.D. Mich. Apr. 2, 2012) (citation omitted).

**C. Analysis**

*1. Appropriate Plaintiffs*

As an initial matter, it appears that Plaintiff Jerry R. Massey filed this lawsuit on behalf of himself and Plaintiffs United Methodist Union of Greater Detroit, Kennon Harrington, Power

House Temple, and Roderick Edwards. In fact, Plaintiff Massey is the only plaintiff to have appeared in this matter, to have signed the Complaint, or to have applied for and been granted leave to proceed *in forma pauperis*. (*See* docket nos. 1-3.) Plaintiff Massey is proceeding *pro se*, and there is no indication that he is a licensed attorney authorized to represent the interests of the other plaintiffs.

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). *See also Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.,* 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City. Sch. Dist.,* 550 U.S. 516 (2007) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action.") "Th[is] rule against non-lawyer representation 'protects the rights of those before the court' by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (quoting *Myers v. Loudoun Cnty. Pub. Sch.,* 418 F.3d 395, 400 (4th Cir. 2005)). Accordingly, Plaintiff Massey may not represent the interests of United Methodist Union of Greater Detroit, Kennon Harrington, Power House Temple, or Roderick Edwards in this matter.

Moreover, since Plaintiff Massey is the only party plaintiff who signed the complaint, he is the only plaintiff properly before the court. *See* Fed. R. Civ. P. 11(a) ("Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). There is simply no indication that United Methodist

Union of Greater Detroit, Kennon Harrington, Power House Temple, or Roderick Edwards intended to be parties to this action or are aware that this action was filed on their behalf. To grant them an opportunity to appear in this action by signing and submitting a verbatim copy of the Complaint would be futile because dismissal of the Complaint is warranted on several grounds, as further discussed below. The court should therefore dismiss United Methodist Union of Greater Detroit, Kennon Harrington, Power House Temple, and Roderick Edwards as plaintiffs in this case.

2. *Defendants' Motions to Dismiss [11] [12] [18]*

Defendants Wayne County Treasurer, City of Highland Park, and MERS individually move to dismiss the Complaint in this matter, each setting forth several grounds for dismissal in their respective motions. Defendant Wayne County Treasurer argues that the Complaint should be dismissed because (1) the court lacks subject matter jurisdiction under the Tax Injunction Act; (2) Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine; (3) Plaintiffs' claims are barred by *res judicata*; (4) Defendant Wayne County Treasurer is shielded by absolute immunity; and (5) all of Plaintiffs' claims are frivolous. (Docket no. 11.) Defendant City of Highland Park asserts that the Complaint should be dismissed because (1) Plaintiff Massey lacks standing to pursue the claims; (2) Plaintiff Massey cannot establish a violation of his Fourteenth Amendment Rights; (3) the claims set forth in the Complaint are barred by the statute of limitations; (4) the negligence claim is barred by governmental immunity; (5) Plaintiff Massey has failed to state a claim under the Real Estate Settlement Procedures Act (RESPA) or the Truth in Lending Act; and (6) the claims are barred by *res judicata*. (Docket no. 12.) Defendant MERS moves to dismiss the Complaint on the bases that (1) the court lacks subject matter jurisdiction over this matter under Federal Rule of Civil Procedure 12(b)(1) and the *Rooker-Feldman* doctrine; and (2)

7

Plaintiffs fail to state a claim against Defendant MERS under Rule 12(b)(6) or RESPA. (Docket nos. 18 and 20.) The Court will address several of the asserted grounds for dismissal below.

      a.     <u>Standing</u>

"Standing is a jurisdictional matter and is a threshold question to be resolved by the court before the court may address any substantive issues." *Dungan v. Chase Home Fin. LLC*, No. 10-14549, 2011 WL 3359696, at *3 (E.D. Mich. Aug. 4, 2011) (citing *Planned Parenthood Ass'n v. City of Cincinnati,* 822 F.2d 1390, 1394 (6th Cir. 1987)). Accordingly, the Court will first address Defendant City of Highland Park's argument that because Plaintiff Massey does not plead any interest in the subject property, he lacks standing to prosecute the claims set forth in the Complaint. (*See* docket no. 12 at 14-16.)

"Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). To establish standing, a plaintiff must show that (1) he has suffered an injury in fact; (2) there is a causal connection between the injury and the defendant's conduct; and (3) the requested relief will likely redress the alleged injury. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Additionally, "a plaintiff must 'assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (quoting *Warth v. Seldin,* 422 U.S. 490, 499 (1975)).

Here, Plaintiff Massey alleges that Roderick Edwards "obtained fee simple absolute possession" to the subject property on October 29, 2012. (Docket no. 1 ¶ 10.) He further alleges that Defendant Wayne County Treasurer subsequently foreclosed on the property and later sold it to Kellan C. Lee at an auction sale. (*Id*. ¶¶ 13, 23.) The only other indicators in the Complaint

of who may have an interest in the subject property are the addresses listed for United Methodist Union of Greater Detroit, Power House Temple, and Roderick Edwards, as they are listed as that of the subject property; Plaintiff Massey's address of record is different. Plaintiff Massey has provided no evidence or even allegations to suggest that he has held or holds any interest in, or has any connection to, the subject property. Plaintiff Massey is, at most, asserting the rights of United Methodist Union of Greater Detroit, Power House Temple, and/or Roderick Edwards, not his own. Thus, Plaintiff Massey, the only proper plaintiff in this matter, lacks standing to pursue the claims set forth in the Complaint, and the Complaint should be dismissed on this basis.

b. The *Rooker-Feldman* Doctrine

Defendants Wayne County Treasurer and MERS claim that the court lacks subject-matter jurisdiction over Plaintiffs' claims under the *Rooker-Feldman* doctrine because Plaintiffs filed this action to challenge the Wayne County Circuit Court's Judgment of Foreclosure as well as the 30th District Court's dismissal of Plaintiffs' challenge to the foreclosure. (Docket no. 11 at 16-17; docket no. 18 at 12-13.) The *Rooker-Feldman* doctrine raises a jurisdictional bar that prohibits a federal district court from engaging in appellate review of state-court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The United States Supreme Court has since clarified the scope of the *Rooker-Feldman* doctrine, holding that it is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon*, the Sixth Circuit explained that the relevant inquiry in determining whether a claim falls within the scope of the *Rooker-Feldman* doctrine "is the source of the injury the plaintiff alleges in the federal

9

complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id*. An independent claim will not divest a federal district court of subject-matter jurisdiction, even if it may deny a legal conclusion of the state court. *Id*. at 392. To determine the source of the injury, a court must refer to the plaintiff's request for relief. *Berry v. Schmitt,* 688 F.3d 290, 299 (6th Cir. 2012) (quoting *Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011)).

Here, as relief, Plaintiffs ask this court to "[e]nter judgment determining that Plaintiffs holds [sic] full legal and equitable title to the Property in fee simple absolute, free and clear of any and all claims of defendants in this action, and quieting title to the Property forever in Plaintiffs."[2] (Docket no. 1 at 6.) Plaintiffs' prayer for relief makes clear that the Wayne County Circuit Court's Judgment of Foreclosure is a source of their injuries, and to grant the relief that Plaintiffs seek in this instance would require the court to reverse a state-court decision. This is precisely the type of federal district court action prohibited by the *Rooker-Feldman* doctrine. Accordingly, to the extent that Plaintiffs seek federal reversal of the state-court Judgment of Foreclosure, dismissal of this matter under the *Rooker-Feldman* doctrine is appropriate. *See Colbert v. Fed. Nat. Mortg. Ass'n*, No. 12-13844, 2013 WL 1629305, at *7 (E.D. Mich. Apr. 16, 2013) (quoting *Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008)).

    c.    *Res Judicata*

Even assuming that dismissal is inappropriate under the *Rooker-Feldman* doctrine, Plaintiff's claims are barred under principles of *res judicata*, as Defendants Wayne County

---

[2] Plaintiffs also seek $300,000.00 in damages for Defendants' alleged violations of "2 USC 1357 (b) (2); 1 USC 1961-1968 RESPA section 9: truth in lending, and Negligence Per Se." (Docket no. 1 at 6.) As further discussed below, however, Plaintiffs' allegations in this regard fail to state a claim.

10

Treasurer and City of Highland Park so assert. (*See* docket no. 11 at 17-19; docket no. 12 at 20-22.)  Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "'[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state.'"  *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816-17 (6th Cir. 2010) (quoting *Abbott v. Mich.,* 474 F.3d 324, 330 (6th Cir. 2007)).  Therefore, a federal court must look to the law of the rendering state in determining any preclusive effect.  *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

In Michigan, the doctrine of *res judicata* bars a second, subsequent action "when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first."  *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001).  Michigan courts take a broad approach to this doctrine and find that it bars not only claims already litigated, but also "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not."  *Id*. (citation omitted).

Here, after the Judgment of Foreclosure was entered, Plaintiffs United Methodist Union of Greater Detroit, Massey, and Harrington filed a complaint in the 30th District Court for the City of Highland Park against Defendants City of Highland Park and Wayne County Treasurer seeking quiet title of the subject property in their favor, as well as a judgment in the amount of $10,000 for negligence. (Docket no. 12 at 21.)  The 30th District Court granted Defendants' Motion for Summary Disposition of the complaint on January 19, 2016.  (Docket no. 12 at 21; docket no. 11-3.)  Plaintiffs then filed the instant Complaint in this court on February 1, 2016.

11

(Docket no. 1.) In applying Michigan's doctrine of *res judicata* to these facts, the instant claims set forth against Defendants Wayne County Treasurer and City of Highland Park are necessarily barred from the court's review, for the following reasons. First, the requirement that the prior action be decided on the merits is satisfied, as the granting of a motion for summary disposition operates as an adjudication on the merits under Michigan law. *See Al-Shimmari v. Detroit Med. Ctr.*, 731 N.W.2d 29, 36-38 (Mich. 2007) (citing Michigan Court Rule 2.504(B)(3)). Next, the requirement that both actions involve the same parties or their privies is also satisfied; Plaintiff Massey was a plaintiff in the state-court action and is the only proper plaintiff in the instant action, and Defendants Wayne County Treasurer and City of Highland Park were defendants in the state-court action. Finally, the third requirement of Michigan's *res judicata* doctrine is met: the claims made in the action in the 30th District Court and in the instant action arise from the same transaction, the tax foreclosure of the subject property located at 16241 Joslyn Avenue in Highland Park, Michigan. Thus, to the extent that the instant claims against Defendants Wayne County Treasurer and City of Highland Park were not raised in the state-court action, they could have been raised, and they are therefore barred by *res judicata*.

          d.       Tax Injunction Act

Defendant Wayne County Treasurer also argues that the Complaint is subject to dismissal under the Tax Injunction Act (TIA). (Docket no. 11 at 15-16, 20.) Under the TIA, federal district courts may not "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Sixth Circuit has held that the TIA applies to federal challenges to state property tax foreclosures. *See Pegross v. Oakland County Treasurer*, 592 F. App'x 380 (6th Cir. 2014); *Johnson v. Michigan Dept. of Treasury*, 211 F.3d 1269 (Table), 2000 WL

571916, at *2 (6th Cir. May 4, 2000). Here, as Defendant Wayne County Treasurer points out, adequate state-court remedies were available to Plaintiffs through the redemption process or an appeal of the state-court Judgment of Foreclosure under MCL § 211.78 *et seq.*, or by contesting the property tax assessment at the Michigan Tax Tribunal (*see* docket no. 11 at 20); Plaintiffs have failed to show that they were deprived of any of these remedies. Accordingly, the TIA divests this court of subject-matter jurisdiction over Plaintiffs' claims, and the Complaint should be dismissed on this basis.

e. Failure to State a Claim

To the extent that the claims in the Complaint are not subject to dismissal under the *Rooker-Feldman* doctrine, *res judicata*, or the Tax Injunction Act, or for a lack of standing, they should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). First, Plaintiffs purport to bring their claims pursuant to "2 USC 1331; 28 USC 1332 (a) and 2 USC 1357 (b) (2); 1 USC 1961-1968 RESPA section 9: truth in lending, and negligence," and they seek $300,000.00 in damages for alleged violations of the last four of these purported causes of action. (*See* docket no. 1 at 2 ¶ 7 and 6.) Plaintiffs' claims in this regard fail for the following reasons: (1) 2 U.S.C. § 1331 sets forth rights and protections under the Americans with Disabilities Act of 1990 relating to public services and accommodations, and Plaintiffs do not allege the existence of any disability; (2) 28 U.S.C. § 1332(a) describes the circumstances under which federal district courts have jurisdiction of civil actions based on the diversity of the parties' citizenship, and it does not constitute an independent cause of action upon which relief can be granted; (3) 2 U.S.C. 1357 and 1 U.S.C. §§ 1961-1968 do not exist; (4) section 9 of RESPA, 12 U.S.C. § 2608, prohibits a seller of property that will be purchased with the assistance of a federally-related mortgage loan from conditioning

the sale on the purchase of title insurance from a particular title company, and Plaintiffs do not plead any allegations related to a violation of this, or any other, section of RESPA; and (5) Plaintiffs do not plead any allegations related to a violation of the Truth in Lending Act.

Next, Plaintiffs set forth their claims of negligence in Count I of the Complaint. (Docket no. 1 ¶¶ 9-23.) Under this count, Plaintiffs claim that the special tax assessments levied by Defendant City of Highland Park against the subject property were unconstitutional. (*Id.* ¶ 11.) Plaintiffs, however, do not further elaborate on this allegation or specify which constitutional amendment Defendant City of Highland Park allegedly violated. Also under this count, Plaintiffs allege that Defendants Wayne County Treasurer and City of Highland Park, in foreclosing on the subject property, failed to comply with the statutory notice requirements set forth under Michigan Compiled Laws § 124.759. (*Id.* ¶¶ 13-21.) But as Defendant Wayne County Treasurer indicates, MCL § 124.759, which deals with the Land Bank Fast Track Authority, is inapplicable to this matter, as the subject property was foreclosed under Michigan's tax foreclosure statute, MCL § 211.78, *et seq*. Furthermore, under this Count, Plaintiffs do not plead any allegations related to negligence; that is, they do not allege that Defendants breached a duty of care owed to Plaintiffs, which breach caused Plaintiffs' alleged damages.

Finally, what is presumably Count II of the Complaint is titled "Violation of RESPA." (Docket no. 1 at 5.) As discussed above, however, other than a couple conclusory assertions that Defendants violated RESPA, Plaintiffs have failed to plead any factual or legal allegations related to RESPA. Nevertheless, it is in this section of the Complaint that Plaintiffs first make an allegation against Defendant MERS. Plaintiffs claim that Defendant MERS is a company that records foreclosed property and that "the conveyance and recording of [the subject] property by [MERS] was defective and lacking in legal sufficiency," which ultimately rendered the Sheriff's

14

Deed null and void. (*Id*. ¶¶ 25-28.) Defendant MERS asserts that Plaintiffs' first allegation, that MERS is a company that records foreclosed property is false, explaining that no employee or agent of MERS records or supervises the recording of assignments with the local register of deeds, as recording is the responsibility of the loan servicer and is usually handled by a law firm. (Docket no. 18 at 11; docket no. 20 at 7.) Defendant MERS argues that Plaintiffs' second allegation fails for a lack of support, and the Court agrees. Plaintiffs' second allegation is conclusory in that Plaintiffs do not plead any factual or legal basis for why the conveyance and recording were defective, and it does not meet the pleading standards of *Twombly* or *Iqbal, supra*. Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and it should be dismissed under Federal Rule of Civil Procedure 12(b)(6).[3]

### D. Conclusion

For the above-stated reasons, the court should dismiss Plaintiffs United Methodist Union of Greater Detroit, Kennon Harrington, Power House Temple, and Roderick Edwards from this action; **GRANT** Defendants' Motions to Dismiss (docket nos. 11, 12, and 18); and dismiss this matter in its entirety.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th

---

[3] Because this matter should be dismissed for lack of standing; for a lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine and the Tax Injunction Act; as barred by the principles of *res judicata*; and/or for failure to state a claim upon which relief can be granted, it is not necessary to address Defendants' other asserted grounds for dismissal.

Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 2, 2016         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Jerry R. Massey and counsel of record on this date.

Dated: December 2, 2016         s/ Lisa C. Bartlett
                                Case Manager

16