UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED METHODIST UNION
OF GREATER DETROIT *et al.*,

    Plaintiffs,

v.

CITY OF HIGHLAND PARK *et al.*,

    Defendants.

Case No. 16-cv-10336
Hon. Matthew F. Leitman

_____/

### ORDER (1) OVERRULING DEFENDANT JERRY MASSEY'S OBJECTION TO REPORT AND RECOMMENDATION (ECF #22) AND (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF ## 11, 12, 18)

In this action, Plaintiffs United Methodist Union of Greater Detroit, Jerry Massey ("Massey"), Kennon Harrington, Power House Temple, and Roderick Edwards (collectively, "Plaintiffs") appear to allege that Defendants violated state and federal law with respect to the assessment of property taxes and the subsequent foreclosure of Plaintiffs' property. (*See* Compl., ECF #1.)  The Defendants each moved to dismiss the Complaint (the "Motions to Dismiss"). (*See* ECF ## 11, 12, and 18.)  Plaintiffs never responded to any of the Motions to Dismiss. (*See* Dkt.)

On December 2, 2016, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court grant the Motions to Dismiss (the "R&R"). (*See* ECF #21.)  Among other things, the Magistrate Judge

1

concluded that Massey was the only proper Plaintiff in this action, that he lacked standing, and that his claims were barred by the *Rooker-Feldman* doctrine and *res judicata*. (*See id.* at 5-12, Pg. ID 170-77.) At the conclusion of the R&R, the Magistrate Judge informed the Plaintiffs that if they wanted to seek review of her recommendation, they needed to file specific objections with the Court within fourteen days. (*See id.* at 15-16, Pg. ID 180-81.)

On December 21, 2016, Defendant Massey filed objections to the R&R (the "Objections"). (*See* ECF #22.) The Objections are untimely. But even if the Objections were timely filed, the Court would still overrule them. The Objections do not reference any specific portion of the R&R to which Massey objects. Instead, the Objections list the following conclusory objections:

> (1.) Fed R. Civ. P. 56(c) provides that judgment is to be granted when there is 'genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.['] The Defendant has no genuine issues to the material facts which occurred to the Plaintiff by Defendant Wayne County Treasurers's [sic] non-disclosures and acts of omission regarding their requirement to enforce proper notification. Plaintiff contend[s] that Church property is exempt from tax foreclosure in light of the public good the Church brings to the community.
>
> (2) Further Discovery shall uncover factual support for the Plaintiff's claims against all Defendants.[]
>
> (3) Amended pleadings can overcome defect of failure to state a claim.[]

2

> (4) Discovery is not complete on the specific issues for which Summary Disposition is sought.
>
> (5) Discovery is likely to reveal additional factual support for the Plaintiff's claim.
>
> (6) Motion for Summary Disposition is not justified.
>
> (7) The Plaintiff's claims alleged are grounded in the law.
>
> (8) The claims alleged are clearly enforceable as a matter of law, and that factual development can possibly justify recovery.
>
> (9) That irreparable harm will occur to the Plaintiff is the Summary Judgment is not denied.

(Objection at 2, Pg. ID 183.)

The filing of such "vague, general, [and] conclsuory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 Fed. App'x 228, 230 (6th Cir. 2009). Indeed, "[a] general objection to the entirety of the magistrate's report has the same effects as would failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless ... The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.* (quoting *Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 2001)).

Simply put, Massey has not offered the Court any reasoning or authority to support his list of conclusory objections to the entirety of the R&R. For instance, while he claims that "[c]hurch property is exempt from tax foreclosure in light of the public good the Church brings to the community," he has not provided the Court any support for that proposition, or explained how that fact, even if true, relates in any way to the to the Magistrate Judge's reasoning in the R&R. Nor has he addressed the Magistrate Judge's conclusions that he lacked standing to bring the claims in his Complaint, that the Court lacks subject-matter jurisdiction over his claims under the *Rooker-Feldman* doctrine, or that his claims are barred by *res judicata*. (*See* R&R at 8-12, Pg. ID 173-77.) The Court therefore overrules the Objections.[1]

Accordingly, **IT IS HEREBY ORDERED** that the Objections (ECF #22) are **OVERRULED** and Magistrate Judge's recommended disposition is **ADOPTED**.

---

[1] Massey also delivered a letter to the Court dated December 15, 2016, that was not submitted to the Clerk's office for filing. The Court has since had this letter posted to the public docket as ECF #23. The letter does not purport to be an objection to the R&R, nor does it address the R&R in any way. Instead, the letter provides historical context with respect to Massey's relationship with the City of Highland Park. While the Court appreciates the additional information the letter provided, the letter does not provide any basis to disturb the Magistrate Judge's recommended disposition of this action.

**IT IS FURTHER ORDERED** that the Motions to Dismiss (ECF ## 11, 12, and 18) are **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113